This case is like that of Smith v. St. Lawrence, lately decided at Hillsboro; the bond being in the possession of the endorser, is evidenceprima facie that he has paid the endorsee for it. Endorsers frequently bring suit upon bills endorsed by them, when the endorsee is refused payment, or cannot obtain it, and returns the bill, receiving payment of the endorser himself. Dickens v. Harriott, Show., 164, is very similar to the present. There a bill was drawn upon a person in Dublin, the payee endorsed to Dickens, and he to another, who demanded payment, and protested for nonpayment. Dickens then sued, and it was, *Page 161 
amongst other things, objected that the interest was vested in the last endorsee, as appeared by the endorsement. Then merchants were examined, who said whenever the bill was returned into the possession of the last endorser he might maintain an action. The Court recited this case upon memory only, the book not being in court, and judgment in the present case was given to the plaintiff.
NOTE BY REPORTER — Some of the bar seemed dissatisfied with this decision, as they were with that of Smith v. St. Lawrence at Hillsboro,ante, 174. The case cited from Shower says above twenty merchants were examined, and affirmed that the plaintiff had a right to the action, although he had endorsed to D., the bill being returned into his possession; but then the endorsement in that case was, "Pay to D. value on my (215) account," perhaps this made D. only his servant or agent, in the same manner as if it had been, "Pay to D. for my use." See 2 Burr., 1227; Doug., 117, 639. Smith v. St. Lawrence was founded upon the case in Str., 1103, where the court permitted the plaintiff to strike out the endorsement, but that was a blank endorsement only. The necessity of a payment to revest the property of the note in the endorser must be admitted, and is not denied inStrong v. Spear, supra; Smith v. St. Lawrence, 174, and Dook v. Caswell,ante, 18. The only point of difference between these cases and those decided in the books is this, that the books require actual proof of payment by a receipt, or at least viva voce proof. These cases allow the possession of the endorser to be presumptive evidence of payment — as the payee or endorsee of a bill is never obliged to part with it until he has received payment from the endorser, which is a circumstance) which renders the presumption very strong. Kidd, 88; Beawes., 461.
See Dook v. Caswell, ante, 18.
Cited: Casey v. Harrison, 13 N.C. 245; Price v. Sharp, 24 N.C. 421.